# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| OTIS ARRINGTON, )<br>)<br>**Plaintiff,** )<br>v.  )<br>)<br>GRACE B. HOU, et al.,  )<br>)<br>**Defendants.** ) | No.: 21-cv-4079-JBM |

## MERIT REVIEW ORDER

Plaintiff, proceeding *pro se*, and detained at the Rushville Treatment and Detention Center, seeks leave to proceed *in forma pauperis*. The Court must dismiss a complaint "at any time" if a plaintiff attempts to proceed *in forma pauperis* in an action which is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (quoted cite omitted).

## MATERIAL FACTS

Plaintiff asserts inhumane conditions of confinement, particularly as related to the COVID-19 pandemic. Plaintiff asserts that at the onset of the pandemic in 2020, the facility refused to provide detainees with face mask. Plaintiff claims, without detail that staff was "so reckless that they brought Covid into the facility several times…" Plaintiff's claims that he was quarantined for 14 days and unable to call his family and when a friend called to speak with him, unidentified staff responded with a "lie," not otherwise explained. Plaintiff complains that a

resident who worked on Gamma Unit contracted the virus and brought it back to Plaintiff's unit. Plaintiff asserts, however, that he "got lucky" and did not get infected.

Plaintiff also complains that residents are double-celled, making it impossible to be socially distanced. He also claims that the overcrowding has impacted dietary and laundry services, without identifying the nature of the impact. Plaintiff also complains that residents are unable to open the windows and that the facility merely recirculates the air rather than "blowing it out."

Plaintiff names Grace B. Hou, the Secretary of the Illinois Department of Human Services, Illinois Governor J.B. Pritzker and Greg Donathan, Rushville Program Director. He does not, however, plead any complaints against these individuals. Instead, he generically pleads that "the facility" and unidentified staff subjected him to the complained-of conditions.

Plaintiff requests a myriad of injunctive relief, but not money damages. The requested relief is that the Court order: residents moved to a bigger facility; that staff have mental health training; that staff be investigated for sexual harassment; that residents not be forced to double-cell; that staff be prevented bringing pocketknives into the facility; that all tactical team equipment be discarded, that the facility undergo a financial audit, and that there be an investigation as to staff who quit due to sexual harassment by other staff members.

**ANALYSIS**

There are several issues with Plaintiff's complaint. As a preliminary matter, Plaintiff was required to disclose his prior litigation history and did not do so. Plaintiff filled out a form complaint, indicating only that he does not know how many prior lawsuits he has filed and that he no longer has the relevant information. Plaintiff makes no attempt to identify any of these cases, to disclose the nature of the controversies, or to reveal their outcome. The Court has

undertaken a search and discovered that Plaintiff has filed 18 cases in the Central District of Illinois, 9 in the Northern District and 4 in the Southern District. It strains credulity to believe that Plaintiff has no memory or supporting documentation as to any of these 31 cases. Plaintiff is advised that, in the future, he is to makes a reasonable and good faith effort to disclose his litigation history or face sanctions for failing to follow the Court's orders.

Plaintiff also asserts, without providing detail, that he has filed this same claim in state court but, after a year was unable to serve Defendant Hou. It is unclear whether the state court case continues or whether it was dismissed. If pending, this Court's injunctive power is restricted under *Younger v. Harris,* 401 U.S. 37, 52–54 (1971), "which precludes federal courts from interfering with pending state judicial proceedings based upon principles of comity, absent extraordinary circumstances." *Lee v. Bernard*, 62 Fed. Appx. 670, 671 (7th Cir. 2003). This is so, as "an inmate already participating in state litigation must make his stand there." *Id.* at 671 (internal citation omitted).

If the state court case has concluded with a final disposition on the merits, Plaintiff may not "appeal" a loss to the federal courts. *See Guerrero v. Piotrowski*, 67 F. Supp. 3d 963, 967 (N.D. Ill. 2014) (internal citations omitted) ("[t]he *Rooker– Feldman* principle prevents a state-court loser from bringing suit in federal court in order effectively to set aside the state-court judgment.)[1] *See also*, *Campbell v. Detella*, 33 Fed. Appx. 829, 830 (7th Cir. 2002) ("a federal court is not an appropriate venue for [plaintiff's] disagreement with the Illinois Court of Claims' handling of his case… federal courts lack jurisdiction to hear claims adjudicated by state courts or claims that are inextricably intertwined with the merits of a state court judgment.")

---

[1] *Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).

Plaintiff also fails to state a claim as to his COVID-related complaints. To successfully plead a conditions of confinement claim, a detainee must sufficiently plead that defendants subjected him to conditions "that were objectively unreasonable, i.e., the conditions were not rationally related to a legitimate non-punitive government purpose or were excessive in relation to that purpose." *Burnette v. Schmaling*, No. 20-1792, 2021 WL 1192362, at *2 (E.D. Wis. Mar. 30, 2021). Generally, prison officials' failures as to mask wearing and social distancing do not satisfy the objective component necessary for deliberate indifference. *See Mayfield v. Peissig*, No. 20- 269, 2020 WL 3414757, at *1 (W.D. Wis. June 22, 2020). "In sum, plaintiff's general allegations about a lack of social distancing and inconsistent mask use at the prison do not suggest that the conditions of plaintiff's confinement are inhumane or that defendants are acting with deliberate indifference to a significant risk of harm to plaintiff's health or safety." This is so, even if the detainee develops a COVID-19 infection, something which did not occur here. *See Burnette*, 2021 WL 1192362, at *2.

Plaintiff's claims of overcrowding, and its unspecified impact on dietary and laundry services also fails to state a claim. Overcrowding, by itself, does not violate the Constitution. *Chairs v. Watson*, 2013 WL 2147451, at *1 (S.D.Ill. May 15, 2013) citing *Hubbard v. Taylor,* 538 F.3d 229 (3d Cir. 2008) (triple-celling of pretrial detainees in single-man cells was rationally related to managing overcrowded prison). This is so, even in cases where a detainee was required to sleep on a mattress on the floor for three to seven months. *Id*. at 235.

Lastly, Plaintiff requests several types of injunctive relief without having pled facts to support the claims.

**IT IS THEREFORE ORDERED:**

1) Plaintiff's petition to proceed in forma pauperis [3] is DENIED. Plaintiff's complaint is dismissed without prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the complaint would be futile as Plaintiff cannot state a cognizable Fourteenth Amendment claim under the facts alleged.

2) While the dismissal is without prejudice, Plaintiff may appeal the Court's ruling. *See Turley v. Gaetz*, 625 F.3d 1005, 1014 n.3 (7th Cir. 2010) (internal citations omitted). "Ordinarily, a dismissal without prejudice is not a final, appealable order. The denial of a motion to proceed IFP, however, is an exception to this rule and an appealable order." *See also*, *Roberts v. United States Dist. Court for N. Dist. of California*, 339 U.S. 844, 845, (1950) ("[t]he denial by a District Judge of a motion to proceed in forma pauperis is an appealable order.")

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

9/23/2021  
ENTERED

s/ Joe Billy McDade  
JOE BILLY McDADE  
UNITED STATES DISTRICT JUDGE